IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSHUA DAVID LETT, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:21-cv-02257-C (BT) |
| | § | |
| LA SALLE SOUTHWEST | § | |
| CORRECTIONS, ET AL. | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff Joshua David Lett, a Texas inmate, filed this action alleging claims under 42 U.S.C. § 1983 and Texas state law related to the quality and quantity of food served at Johnson County Jail, as well as the allegedly unsanitary living conditions there. *See* ECF Nos. 3, 8, 10. He proceeds *in forma pauperis*, and his complaint awaits judicial screening pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2). *See* ECF No. 6.

On March 7, 2022, Lett filed an "Application for a Writ of Mandamus" to compel the undersigned to, in turn, compel the defendants to respond to his amended complaint. *See* ECF No. 13. The application lacks merit and should be denied.

First, Lett indicates that the writ of mandamus is sought pursuant to Federal Rule of Appellate Procedure 21. But that rule establishes the procedural steps to be followed in seeking an extraordinary writ from the court of appeals authorized by

1

the All Writs Act, 28 U.S.C. § 1651. 16A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3967 (3d ed 1999). If Lett is seeking a writ of mandamus under the All Writs Act, the application lacks merit because "[t]he All Writs Act generally applies only when a truly superior court—the Supreme Court, or a circuit court of appeals—issues a writ of mandamus to a true inferior court, primarily a district court." *U.S. v. Choi*, 818 F.Supp.2d 79, 85 (D.D.C. 2011). Lett has not asked for a writ from the appellate court, so the All Writs Act is inapplicable. The All Writs Act is also inapplicable if, liberally construing Lett's application, he is asking the District Court to issue a writ of mandamus compelling the undersigned to compel the defendants to answer the amended complaint, as the district court is not standing in an appellate capacity over the undersigned. *See Howard v. Prince*, 2018 WL 9943497, at *1 (E.D. Tex. July 3, 2018).

And even were the Court to consider the application's merits, mandamus relief is not appropriate. The standard for issuing a writ of mandamus is "stringent" and rarely met. *In re F.C.C.*, 217 F.3d 125, 133 (2d Cir. 2000). This kind of mandamus relief is generally only properly granted for two purposes:

(1) Protection of a superior court's mandate, *see General Atomic Co. v. Felter*, 436 U.S. 493 497 (1978), to assure that "the terms of the mandate [are] scrupulously and fully carried out," and that the inferior court's "actions on remand [are] not . . . inconsistent with either the express terms or the spirit of the mandate," *In re Ivan F. Boesky Sec. Litig. (Kidder, Peabody & Co. v. Maxus Energy Corp.)*, 957 F.2d 65, 69 (2d Cir. 1992); or

2

(2) Restraining an inferior court from detours into areas in which it lacks jurisdiction (or, in some instances, forcing an inferior court to take an obligatory action), *see Ex parte Republic of Peru*, 318 U.S. 578, 583 (1943).

*In re F.C.C.*, 217 F.3d at 133 (internal citations altered).

Those situations are not present here. Instead, service on the defendants is premature because Lett's complaint has not yet been screened pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2). Indeed, the Court's filing fee order clearly indicates as much, stating specifically that "Service of process shall be withheld pending judicial screening pursuant to 28 U.S.C. § 1915(e)(2) and/or 28 U.S.C. § 1915A." ECF No. 6. Lett's complaint will be screened in due course. And if any of his claims are cognizable, the Court will order service on the defendant(s) in accordance with Federal Rule of Civil Procedure 4.

In sum, Lett's application for a writ of mandamus (ECF No. 13) should be denied.

SO RECOMMENDED.

March 14, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.